UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES FERGUSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Criminal Action No. 12-10241-FDS |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

# MEMORANDUM AND ORDER ON
# CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

On May 23, 2013, petitioner pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113. On September 19, 2013, he was sentenced to 152 months' incarceration. He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on May 16, 2017. The Court denied that motion on January 16, 2018.

An applicant cannot appeal the denial of a habeas petition unless a circuit justice or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b)(1). For the reasons stated below, a certificate of appealability will be granted.

A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,

529 U.S. 473, 484 (2000)). That standard must be independently satisfied as to "each and every issue raised by a habeas petitioner." *See Bui v. DiPaolo*, 170 F.3d 232, 236 (1st Cir. 1999).

Petitioner alleges that the Court improperly classified him as a "career offender" under the sentencing guidelines, U.S.S.G. § 4B1.2(a), because he contends that the principles of *Mathis v. United States*, 136 S. Ct. 2243 (2016), under the ACCA should apply to the guidelines. He further alleges ineffective assistance of counsel in violation of the Sixth Amendment based on trial counsel's alleged failure to raise the issue. Both issues arise out of the Court's counting a prior Massachusetts conviction for armed robbery as a "crime of violence" under the residual clause of the career offender provision in the sentencing guidelines.

Although hardly free from doubt, the Court concludes that reasonable jurists could conclude that the issue presented is adequate to deserve encouragement to proceed further.

Accordingly, a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: January 17, 2018